UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUCIUS BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 15-2098 (BAH) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This matter is before the Court on Lucius Brown's Petition for a Writ of Habeas Corpus [ECF No. 1] and the United States' Return to Order to Show Cause Why Petition for Writ of *Habeas Corpus* Should Not Be Granted [ECF No. 8].[1]  For the reasons discussed below, the petition will be denied.

### I. BACKGROUND

Petitioner purports to bring this action under 28 U.S.C. § 2254, *see* Pet. at 2, demanding either his release from custody or an evidentiary hearing "to give [him] an opportunity to be heard and relief from state judge['s] injustice," *id*. at 16 (emphasis removed).  He currently is incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey to serve sentences imposed by the Superior Court of the District of Columbia in 1981 and 1982. The government has summarized the petitioner's underlying convictions and sentences thusly:

> On April 22, 1981, the petitioner, having been indicted on charges of Kidnapping (Count I) and Assault with Intent to Commit Sodomy (Count II) in case number F2112-80, entered a guilty plea

---

[1]  The Petitioner was given an opportunity to file a reply to the United States' submission, but he failed to do so by the March 7, 2016 deadline. Order, dated Feb. 5, 2016, ECF No. 9.

1

> to Count II of the indictment. On June 8, 1981, the Honorable Iralene G. Barnes sentenced the petitioner to incarceration for a term of one (1) to three (3) years. The execution of the sentence was suspended, and the petitioner was placed on probation for a period of four (4) years. On February 17, 1982, Judge Barnes revoked the petitioner's probation and executed the original sentence of one (1) to three (3) years in prison and ran the sentence consecutive to any other sentence the petitioner was serving.
>
> In June 1982, the petitioner, having been indicted on two (2) counts of Kidnapping, two (2) counts of Assault with Intent to Commit Sodomy, one (1) count of Rape, and one (1) count of Assault with Intent to Commit Rape in case number F1168-82[,] entered a guilty plea to one count of Rape and other count of Assault with Intent to Commit Rape. On August 11, 1982, the Honorable Fred B. Ugast sentenced the [petitioner] to five (5) to fifteen (15) years for one count of Rape and two (2) to ten (10) years for one count of Assault with Intent to Commit Rape. Judge Ugast ran the sentences consecutive to each other and also consecutive to any other sentence the [petitioner] was serving.

United States' Return to Order to Show Cause Why Petition for Writ of *Habeas Corpus* Should Not Be Granted ("U.S. Return"), Ex. I (Order Denying Petitioner's *Pro Se* Motion to Vacate, Correct and/or Set Aside Conviction Pursuant to D.C. Code § 23-110, *United States v. Brown*, Nos. F-2112-80 & F-1168-82 (D.C. Super. Ct. Apr. 3, 2006)) at 2. The Petitioner apparently only recently began service of the Superior Court sentences because he first was required to serve a 45-year sentence imposed by a Maryland court. U.S. Return ¶ 1; *see id.*, Ex. III (Order Denying Petitioner's 23-110 Motion, *United States v. Brown*, Nos. 1980 FEL 02112 & 1982 FEL 01168 (D.C. Super. Ct. Aug. 24, 2009)) at 2.

Petitioner twice sought post-conviction relief in the Superior Court. In 2002, Petitioner filed his first motion under D.C. Code § 23-110 to vacate his convictions, and the Superior Court denied the motion in 2006. *See generally id.*, Ex I. He filed a second motion under § 23-110 in 2007, *see id.*, Ex. IV (A 23-110 Motion to Allow Withdraw[al] of (1) Guilty Plea, and to Rule on Due Process of Law Due To (2) Extradition, Lack of Hearing, Also Denial of (3) Speedy Trial;

(4) Double Jeopardy and (5) Ineffective Assistance of Counsel, *Brown v. United States*, No. F01168-82 (D.C. Super. Ct. Nov. 9, 2007)), and the Superior Court denied the motion in 2009, *see generally id*., Ex. III.  The District of Columbia Court of Appeals summarily affirmed this decision.  *See* Pet., Ex. 1 (Judgment, *Brown v. United States*, Nos. 09-CO-1217 & 09-CO-1218 (D.C. Ct. App. June 28, 2010)).

Petitioner now brings an ineffective assistance of counsel claim, alleging that his defense counsel "coerced and induced [him] to plead guilty" and to waive his right to a jury trial.  Pet. at 9; *see id*. at 11.  In addition, Petitioner alleges that the Superior Court unlawfully ordered him to serve his sentences consecutively to the Maryland sentence.  *Id*. at 14.  Claiming that the remedy available to him in the District of Columbia courts is inadequate or ineffective to test the legality of his convictions and sentences, *see id.* at 7-9, 13, Petitioner brings this action in federal district court, *see id*. at 2

## II. DISCUSSION

This Court is authorized to entertain a claim of trial court error or ineffective assistance of trial counsel only in limited circumstances.  *See Williams v. Martinez*, 586 F.3d 995, 999 (D.C. Cir. 2009).  D.C. Code § 23-110 "entirely divest[s] the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a [§] 23-110 remedy available to them, unless the petitioner could show that the [§] 23-110 remedy was 'inadequate or ineffective.'"  *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (citing  D.C. Code § 23-110(g)); *see Reyes v. Rios*, 432 F. Supp. 2d 1, 3 (D.D.C. 2006) (stating that D.C. Code § 23-110 "provided the petitioner with a vehicle for challenging his conviction based on the alleged ineffectiveness of his trial counsel"); *Garmon v. United States*, 684 A.2d 327, 329 n.3 (D.C. 1996) ("A motion to vacate

sentence under [§] 23-110 is the standard means of raising a claim of ineffective assistance of trial counsel.").

Here, Petitioner has failed to demonstrate that the remedy available to him under § 23-110 is inadequate or ineffective.  Twice Petitioner presented challenges to his convictions and sentences in the Superior Court, and his "mere lack of success . . . does not pave the way for collateral attack" in this federal district court.  *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1977) (footnote and citations omitted).  Furthermore, Petitioner's reliance on § 2254 as a basis for this court's jurisdiction is misplaced.  This Court may review a "federal habeas petition asserting ineffective assistance of *appellate* counsel," *Williams*, 586 F.3d at 999 (emphasis added), and Petitioner does not raise such a claim in this habeas petition.[2]

Accordingly, the petition for a writ of habeas corpus will be denied.  An Order is issued separately.

/s/ *Beryl A. Howell*
BERYL A. HOWELL
Chief Judge

DATE:  May 2, 2016

---

[2] Petitioner purports to raise a host of other issues, none of which has merit. S*ee, e.g*., Pet. at 11 (arguing that "judge 'lacked standing to convicted [sic] the petitioner'"). The Court declines to address them.